IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              CR. No. 18-1108 KG

DANIEL LOWELL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Daniel Lowell's "Opposed Defendant's Motion to Dismiss Counts Four and Five of the Indictment" (Motion to Dismiss), filed February 6, 2019. (Doc. 96). Defendant Lowell (Defendant) brings the Motion to Dismiss under Fed. R. Crim. P. 12(b)(3)(B)(v) and (b)(1) for failure to state an offense. The United States filed a response on February 20, 2019. (Doc. 98). Having considered the Motion to Dismiss and the response, the Court denies the Motion to Dismiss.

As an initial matter, the Court notes that Count 5 of the Indictment charges only Trista Schlaefli with a criminal offense. (Doc. 2) at 3. Schlaefli has since pled guilty. (Doc. 70). The Court, therefore, finds that Defendant inadvertently moved to dismiss Count 5 of the Indictment. The Court construes the Motion to Dismiss to pertain solely to Count 4 of the Indictment.

Count 4 charges Defendant with violating 18 U.S.C. § 924(c) when he "knowingly used, carried and brandished a firearm during and in relation to a <u>crime of violence</u>," namely, carjacking as charged in Count 2 of the Indictment. (Doc. 2) at 3 (emphasis added).

Section 924(c)(3) defines a "crime of violence" in two ways. Under Section 924(c)(3)(A), the force clause, a crime of violence is "an offense that is a felony and has as an

1

element the use, attempted use, or threatened use of physical force against the person or property of another...." Under Section 924(c)(3)(B), the residual clause, a crime of violence is "an offense that is a felony and ... that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The felony offense of carjacking occurs when

> [w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation....

18 U.S.C. § 2119.

Defendant argues that the offense of carjacking does not categorically qualify as a crime of violence under the Section 924(c)(3)(A) force clause. He also argues that the residual clause, Section 924(c)(3)(B), is unconstitutionally vague. Consequently, Defendant asserts that carjacking cannot be considered a "crime of violence" and that Count 4, thus, fails to state a Section 924(c) offense. As such, Defendant concludes that the Court should dismiss Count 4 under Rule 12(b)(3)(B)(v).

With respect to the residual clause, the Tenth Circuit recently held that "Section 924(c)(3)(B) is ... unconstitutionally vague." *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). Accordingly, the validity of Count 4 must rest on whether the offense of carjacking categorically qualifies as a crime of violence under the force clause.

Defendant argues that because a person can commit the offense of carjacking through intimidation, and not use physical force, the offense of carjacking categorically fails to constitute a crime of violence under the force clause. Defendant, however, admits that the Eleventh, Ninth, Fifth, and Fourth Circuits have held that carjacking by intimidation categorically qualifies as a crime of violence under the force clause. (Doc. 96) at 2, n.1. The First Circuit also has held that the "force clause encompasses" the offense of carjacking. *United States v. Cruz-Rivera*, 904

2

F.3d 63, 66 (1st Cir. 2018). Noting that "[o]ther circuits that have examined this issue have come to the same conclusion," the Tenth Circuit, likewise, has held "that intimidation under the carjacking statute … requires the use of physical force." *United States v. Kundo*, 743 F. App'x 201, 203 (10th Cir. 2018).[1] Every court of appeals to address whether carjacking qualifies as a crime of violence under the force clause of Section 924(c)(3)(A) has held that it does. Considering the weight of this unanimous authority, the Court determines, as a matter of law, that Count 4 states an offense under Section 924(c).

IT IS, THEREFORE, ORDERED that the Opposed Defendant's Motion to Dismiss Counts Four and Five of the Indictment (Doc. 96) is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although *Kundo* is an unpublished opinion and not precedential, the Court cites to it for its persuasive value. 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").